UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER L. POWERS, JR. and
JOICELYN HAVILAND POWERS,

    Plaintiffs,

v.                                Case No.: 8:05-CV-1542-T-17-EAJ

LAZY DAYS RV CENTER, INC., and
FLEETWOOD ENTERPRISES, INC.

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

    This cause is before the Court on the Defendant's, Fleetwood Enterprises, Inc., Motion to Dismiss Count I and III of the Complaint for failure to state a claim for which the Court could grant relief, filed on September 9, 2005, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 8). Also before this Court are the Defendant's Memorandums in Support of Defendant's Motion to Dismiss Count I and III of the Complaint (Dkts. 9, 19), and Plaintiff's response thereto, filed on October 14, 2005 (Dkt. 10). The motion to dismiss is granted with prejudice.

                BACKGROUND/ PROCEDURAL HISTORY

    Plaintiffs in this action, Walter L. Powers, JR. and Joicelyn Haviland Powers, filed their complaint on August 23, 2005, for the alleged breach of obligations under the Magnuson-Moss Federal Warranty Improvement Act against seller and manufacturer, violation of statutory warranty under Sec. 320.835, Fla. Stat. (2002) against seller and manufacturer, and revocation of acceptance against seller and manufacturer.

CASE NO. 8:05-CV-1542-T-17-EAJ

Defendant Fleetwood Enterprises, Inc. ("Fleetwood"), is a Florida corporation, which, according to Plaintiffs, manufactured and distributed into interstate commerce, including into the State of Florida, a new 2003 year model motor home called a Bounder. Plaintiffs contend that on or about March 21, 2003, they purchased a new Fleetwood Bounder VIN # 5B4MP67G733369322, for the terms and conditions as contained in the Manufacturer's Suggested Retail Price invoice.

Plaintiffs allege that since delivery of the subject vehicle, they began experiencing, and have continued to experience an array of defects/non-conformities, as evidenced by the repair orders. Plaintiffs further allege that they gave the Seller and Manufacturer a reasonable opportunity to cure the problems, all to no avail.

Prior to filing this action, the Plaintiffs gave Notice of Breaches of Warranties and Revocation of Acceptance. According to Plaintiffs, Fleetwood, as well as the other Defendant, Lazy Days' R.V. Center, Inc. ("Lazy Days"), have failed to rectify the problems and complaints, which the warranties covered. As a result of the recreational vehicle not conforming to the conditions warranted, Plaintiffs brought forth the above stated actions against both Defendants.

STANDARD OF REVIEW

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. (Fed. R. Civ. P. 12 (b)(6)). Under 12 (b)(6), a cause of action should only be dismissed for failure to state a claim when it appears, beyond doubt, that the plaintiff will be unable to prove a set of facts in support of a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Additionally, the Eleventh Circuit Court of Appeals has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief

CASE NO. 8:05-CV-1542-T-17-EAJ

could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Access Now Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

DISCUSSION

Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), as a matter of law for Counts I and III for failure to state claims upon which relief can be granted.

A.  Count I

Defendant Fleetwood seeks to dismiss Count I of Plaintiff's claim of the alleged breach of obligations under the Magnuson-Moss Federal Warranty Improvement Act. Fleetwood asserts that Count I is premised on a theory of "implied warranty," and fails to state any cause of action due to the absence of privity between Plaintiff and Fleetwood. Under Magnuson-Moss Act, one must look to state law privity requirements in order to determine if an implied warranty "arises." *Abraham v. Volkswagen of America, Inc.*, 795 F. 2d 238, 248-49 (2d Cir. 1986).

In response, Plaintiffs argue that according to Florida Supreme Court, implied warranties arise under Florida law even if there is no privity of sale. Specifically, Plaintiffs cite to Florida Supreme Court case of 1967, *Manheim v. Ford Motor Company*, 201 So. 2d 440 (Fla. 1967).

In *Manheim*, the car buyer was not precluded from recovery on an implied warranty theory from Ford manufacturer. However, it is important to note the very limited scope of *Manheim* decision. "It deals only with the effect of a disclaimer *in a contract between*

3

CASE NO. 8:05-CV-1542-T-17-EAJ

*a manufacturer and its dealer.*" *Desandolo v. F & C Tractor & Equipment Co.*, 211 So. 2d 576, 579 (Fla. Dist. Ct. App. 1968). Furthermore, although Plaintiffs are correct to say that *Manheim* was decided after the Florida Legislature's 1965 adoption of the Uniform Commercial Code (Chapter 672, Fla. Stat.), the sale at issue in the *Manheim* case occurred prior to the adoption of the UCC. Therefore, this Court is not bound to follow the *Manheim* decision

    Under Florida law, to recover for breach of implied warranty, the plaintiff must be in privity of contract with the defendant. *T.W.M. v. American Medical Systems, Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (holding that plaintiff who does not buy product directly from defendant is not in privity with that defendant), citing *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 38 (Fla. 1988); *McAteer v. Black & Decker, Inc*., 1999 WL 33836701 (M.D. Fla. 1999) (stating that a manufacturer's issuance of "written instructions and a written warranty to the ultimate consumer" were insufficient to create the requisite "privity" for breach of implied warranty).

    As properly noted by the Defendant Fleetwood, Plaintiffs lack privity with Fleetwood to bring an "implied warranty" action against it. Accordingly, Count I is dismissed with prejudice.

        B.  Count III

    Defendant further seeks to dismiss Count III of Plaintiff's claim of revocation of acceptance under Fla. Stat. §672.608. Fleetwood asserts that this claim is not cognizable against a non-privity, non-selling vehicle manufacturer.

    Under Florida law, a buyer may not maintain a "revocation of acceptance" claim against a non-selling, non-privity vehicle manufacturer. *Mesa v. BMW of North America LLC*, 2005 WL 1026717 (Fla. 3d DCA 2005) (vehicle lessee's revocation claim under MMWA against distant car manufacturer dismissed due to absence of privity). Other jurisdictions have found that a cause of action for revocation of acceptance requires privity. See e.g., *Gilbert v. Monaco Coach Corp.*, 352 F.Supp.2d 1323, 1335 (N.D.Ga.2004). By its express terms, chapter 672 applies to "sales" and Fla. Stat.

4

CASE NO. 8:05-CV-1542-T-17-EAJ

§672.608 applies to transactions involving a "buyer" and a "seller." *Sellers v. Frank Griffin AMC Jeep, Inc.*, 526 So. 2d 147, 150 (Fla. Dist. Ct. App. 1988).

Thus, Plaintiffs lack privity with Fleetwood to bring a claim of revocation of acceptance. Accordingly, Count III is also dismissed with prejudice.

**ORDERED** that the Defendant's Motion to Dismiss Counts I and III of Plaintiffs' claim be **GRANTED with prejudice** only as to Defendant Fleetwood Enterprises, Inc. Defendant Fleetwood shall have ten days from this date to answer Count II of the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 16th day of February 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record