UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


WALTER L. POWERS, JR. and
JOICELYN HAVILAND POWERS,

    Plaintiffs,

v.                                          CASE NO: 8:05-CV-1542-T-17-EAJ

LAZY DAYS RV CENTER, INC. and
FLEETWOOD ENTERPRISES, INC.,

    Defendants.
_____/

## **ORDER**

      This case is before the Court on Defendants' motions to strike Plaintiffs' demand for jury trial. Defendant Lazy Days RV Center, Inc., filed its motion and supporting memorandum of law, (Docket No. 34), on May 17, 2006. Defendant, Fleetwood Enterprises, Inc., filed its motion and supporting memorandum of law, (Docket No. 35), on May 18, 2006. Plaintiffs submitted their memorandum of law opposing Defendants' motions on June 20, 2006 (Docket No. 39).

### **I: Background**

      Walter L. Powers, Jr., and Joicelyn Haviland Powers, ("Plaintiffs"), brought this action against Lazy Days RV Center, Inc., and Fleetwood Enterprises, Inc., ("Defendants"), for revocation of acceptance of goods, alleging Defendants' breach of their obligations under the Mangnuson-Moss Federal Warranty Improvement Act, 15 U.S.C. § 2310 (d) (1) (2000), (Count I), and violation of statutory warranty under Fla. Stat. § 320.835 (2002), (Count II).

      In March 2003, Plaintiffs purchased a 2003 Fleetwood Bounder RV ("the RV') from Defendant, Lazy Days RV Center, Inc., under terms and conditions contained in the Manufacturer's Suggested Retail Price Invoice and the Lazydays Buyers Orders ("the Buyers Orders"). The Buyers Orders contained a provision which stated "I AGREE THAT ANY AND

1

ALL ACTIONS OF ANY KIND RELATING TO THE ITEM(S) SOLD WILL BE DECIDED BY A CIRCUIT COURT JUDGE, RATHER THAN A JURY." Plaintiffs and Defendan, Lazy Days RV Center, Inc., signed the agreement containing this provision. Defendant, Fleetwood Enterprises, Inc., manufactured the RV and included a copy of a written "limited warranty" with the Owner's Manual.

Plaintiffs claim that, after they purchased the RV. they noticed various defects and non-conformities with the RV. Plaintiffs allegedly informed Defendants of the problems, and gave Defendants time to cure the defects. Plaintiffs claim Defendants failed to rectify the defects. Plaintiffs therefore request revocation of acceptance of the offer, as well as attorneys fees and incidental damages according to 15 U.S.C. § 2310 and Fla. Stat. 320.838.

## II: Analysis

Plaintiffs' complaint included a demand for jury trial on all issues (Docket No. 2). Defendants moved to strike Plaintiffs' demand for jury trial, and argue: (1) Plaintiffs have no right to a jury trial, because their claims are equitable and statutory, as opposed to legal in nature; and (2) even if Plaintiffs had a right to a jury trial, they knowingly and voluntarily waived that right when they signed the Buyers Orders. Plaintiffs respond that their claims are legal in nature and they are, therefore, entitled to a jury trial, and that the right to a jury trial was not waived because Defendant Fleetwood Enterprises, Inc., did not sign the Buyers Orders.

### A: Whether Plaintiff has a Right to a Jury Trial

The issue of whether an individual has a right to a jury trial is a matter of federal law. Simler v. Conner, 372 U.S. 221, 222 (1963). When evaluating whether a jury trial should be granted, the Court must consider "the nature of the issues involved and the remedy sought." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). To accomplish this, the court must: (1) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity[;]" and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." Tull v. U.S., 481 U.S. 412, 417-418 (1987). "[C]haracterizing the relief sought is more important than finding a precisely analogous common law action . . . ." Id. at 421 (quotations omitted).

This Court finds that the relief sought, revocation acceptance, is equitable in nature. The damages sought by Plaintiffs, including refund of the purchase price, attorneys fees, and

incidental damages, are intended to restore Plaintiffs to the position they were in prior to their agreement to purchase the RV. In this way, revocation of acceptance is similar to the remedy of rescission of a contract; rescission has been found to be equitable in nature, because it restores the status quo, returning the individual to the position he was in before a transaction occurred. See Phillips v. Kaplus, 764 F.2d 807, 812 (11th Cir. 1985); See also Davis v. McGahee, 257 So. 2d 62, 64 (Fla. Dist. Ct. App. 1972). Because the revocation of acceptance sought by Plaintiffs, like the remedy of rescission, is equitable in nature, Plaintiffs are not entitled to a jury trial. Scheurenbrand v. Wood Gundy Corp., 8 F.3d 1547 (11th Cir. 1993). For this reason, Plaintiffs have no right to a jury trial on this claim.

### B: Whether Plaintiffs Waived Right to Jury Trial

Even if Plaintiffs were entitled to a jury trial, that right was knowingly and voluntarily waived when Plaintiffs signed the Buyers Orders. The Buyers Orders contained a provision stating that "all actions of any kind relating to items sold will be decided by a circuit court judge, rather than a jury." Plaintiffs waived their right to a jury trial by signing the contract containing that provision. Courts have found that a waiver of the right to a jury trial is enforceable under both Federal and Florida law. See Allyn v. W. United Life Assur. Co., 347 F. Supp. 2d 1246, 1251 (D. Fla. 2004); See also Central Inv. Associates, Inc. v. Leasing Service Corp., 362 So. 2d 702, 704 (Fla. Dist. Ct. App. 1978).

Plaintiffs contend that the waiver is unenforceable because "the [jury trial] waiver binds only signatories . . ." and defendant Fleetwood Enterprises, Inc., did not sign the Buyers Orders. (Pls.' Mem. 6 (quoting Central Inv. Associates, Inc., 362 So. 2d at 704)). However, the court in that case determined that the "jury trial waiver [was] not applicable *when the individual asking for the jury* had not signed. . ." the agreement. Id. (emphasis added). In this case, a non-signatory is seeking to enforce the waiver against a signatory. Both Eleventh Circuit and Florida Courts have recognized that a non-signatory party may enforce a jury trial waiver against a signatory party under the doctrine of equitable estoppel. See Koechli v. BIP Int'l, Inc., 870 So. 2d 940, 944 (Fla. Dist. Ct. App. 2004) ("Florida and federal courts have recognized that a non-signatory can compel arbitration by a signatory to an arbitration agreement . . . under the doctrine of equitable estoppel . . . .). See also McBro Planning & Dev. Co. v. Triangle Elec. Constr. Co., 741 F.2d 342, 344 (11th Cir. 1984). When determining whether a party is estopped

from arguing that the lack of a written agreement between parties precludes a finding that the right to a jury trial was waived, the focus of the Court's analysis should be whether or not the claims of the signatory party "fall within the scope of the . . . clause. . . ." <u>Sunkist Soft Drinks v. Sunkist Growers</u>, 10 F.3d 753, 757-58 (11th Cir. 1993) (request for jury trial denied when the plaintiffs were equitably estopped from asserting lack of written agreement as a defense, even though the plaintiffs did not consent to arbitrate with Del Monte). In this case, Plaintiffs' claims fall within the scope of the jury waiver clause, which covered any and all actions relating to the RV. Accordingly, this Court finds that Plaintiffs knowingly and voluntarily waived their right to a jury trial when they signed the Buyers' Order.

### III: Conclusion

This Court finds that Plaintiffs claim is equitable in nature, and Plaintiffs therefore have no right to a jury trial for their claim. However, even if Plaintiffs did have a right to a jury trial, Plaintiffs knowingly and voluntarily waived that right when they signed the Buyers Orders. Accordingly, it is

**ORDERED** that Defendants' motions to strike Plaintiffs' demand for jury trial (Docket No.'s 34, 35) be **GRANTED** and this case is reclassified as a non-jury trial.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, on this 10th day of July, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record