UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER L. POWERS, JR. and
JOICELYN HAVILAND POWERS,

      Plaintiffs,

vs.                                   Case No. 8:05-cv-1542-T-17-EAJ

LAZY DAYS RV CENTER, INC., and
FLEETWOOD ENTERPRISES, INC.

      Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO ALTER JUDGMENT

This cause is before the Court on the Plaintiffs' motion for clarification, reconsideration, alter ruling, vacating, amending, or setting aside March 31, 2006, order and motion for the court to set a hearing regarding the same with incorporated memorandum of law (Docket No. 31) and response thereto (Docket No. 32), pursuant to Fed. R. Civ. P. 52. Additionally, before this Court is the Plaintiffs' request for the Court to rule that "Composite Exhibit C" creates an action for breach of full warranty under the Magnuson Moss Warranty Act.

      BACKGROUND/ PROCEDURAL HISTORY

Plaintiffs in this action, Walter L. Powers, Jr. and Joicelyn Haviland Powers, filed their complaint on August 23, 2005, for the alleged breach of obligations under the Magnuson-Moss Federal Warranty Improvement Act against seller and manufacturer, violation of statutory warranty under Sec. 320.835, Fla. Stat. (2002) against seller and manufacturer, and revocation of acceptance against seller and manufacturer.

Defendant, Fleetwood Enterprises, Inc. ("Fleetwood"), is a Florida corporation, which, according to Plaintiffs, manufactured and distributed into interstate commerce, including into the State of Florida, a new 2003 year model motor home called a Bounder. Plaintiffs contend that on or about March 21, 2003, they purchased a new Fleetwood Bounder VIN # 5B4MP67G733369322, for the terms and conditions as contained in the Manufacturer's Suggested Retail Price invoice.

Plaintiffs allege that since delivery of the subject vehicle, they began experiencing, and have continued to experience an array of defects/non-conformities, as evidenced by the repair orders. Plaintiffs further allege that they gave the Seller and Manufacturer a reasonable opportunity to cure the problems, all to no avail.

Prior to filing this action, the Plaintiffs gave Notice of Breaches of Warranties and Revocation of Acceptance. According to Plaintiffs, Fleetwood, as well as the other Defendant, Lazy Days' R.V. Center, Inc. ("Lazy Days"), have failed to rectify the problems and complaints, which the warranties covered. As a result of the recreational vehicle not conforming to the conditions warranted, Plaintiffs brought forth the above stated actions against both Defendants

On February 16, 2006, this Court issued an order on Defendant Fleetwood's Motion to Dismiss Count I and III of the complaint. The Court granted the motion with prejudice and Counts I and III were dismissed as to Fleetwood.

On March 31, 2006, the Court clarified the cause of action to state that Count I remains in effect, as to Fleetwood, as to the claim for breach of written "Limited Warranty" under the Magnuson Moss Warranty Act.

DISCUSSION

Plaintiff seeks clarification, reconsideration, an alternate ruling, a vacation, an amendment, or a setting aside of the March 31, 2006, Order.

Count I

On March 31, 2006, this Court clarified its February 16, 2006, dismissal, to reinstate only a portion of Plaintiffs' Count I as to Defendant Fleetwood. On April 13, 2006, the Plaintiffs again requested this Court clarify its position as to what portion of Count I have been reinstated. This Court recognized that Plaintiffs' Count I raises a claim for breach of written "Limited Warranty" under the Magnuson Moss Warranty Act. Accordingly, Plaintiffs may proceed **only** with the breach of written "Limited Warranty" claim from Count I. All other portions of Plaintiffs' Count I remain dismissed with prejudice, as to Defendant Fleetwood.

Count III

Following this Court's March 31, 2006, order, Plaintiffs were entitled to file a motion to amend ten (10) days after entry of judgment, to reinstate all or portions of Plaintiffs' Count III, pursuant to Fed. R. Civ. P. 52(b). As no Plaintiffs' motion was filed on or before April 10, 2006, Plaintiffs may not request additional reconsideration of Count III of the complaint. Count III remains dismissed with prejudice.

Full Ownercare Warranty

Although there is no specific claim for breach of Full Ownercare Warranty in the complaint, in its April 13, 2006 motion, Plaintiffs request this Court to read into the complaint a claim for breach of "Full Ownercare" Warranty. The Plaintiffs assert that included in "Composite Exhibit C", which is attached to the complaint, is a "Manufacturer's Suggested Retail Price" document, which contains a reference to a "Full Ownercare Warranty". As a direct consequence of this, the Plaintiffs argue, they have created an action for breach of a full warranty. When there is confusion as to whether a full warranty exists, the Magnuson-Moss

Warranty Act "simply incorporates the well-established contract principle of contra proferentum by which a drafting party must be prepared to have ambiguities construed against it". *Wilbur v. Toyota Motor Sales*, U.S.A., 86 F.3d 23, 27 (2d Cir. 1996)

In response to this, Defendant Fleetwood asserts that the standard for determining the boundaries of a warranty must be based on what a "reasonable consumer could believe", arguing that, based on the totality of the documents given to the Plaintiffs at the time of sale (included as attachments to the complaint), no reasonable consumer could believe she was receiving any warranty other than a Limited one. *Hass v. DaimlerChrysler Corp.*, 611 N.W.2d 382, 384 (Minn. Ct. App. 2000). Defendant Fleetwood further argues that no ambiguities exist within any document provided to the Plaintiffs at the time of sale (attached as exhibits to the complaint). The Court finds this argument persuasive.

Florida law does not specifically address this issue. A "full warranty" requires the warrantor to remedy defects in a product within a reasonable time without charge, prevents a warrantor from limiting the duration of implied warranties, and requires the warrantor to conspicuously place any exclusion or limitation of consequential damages arising from a breach of any written or implied warranty on the face of the warranty. 15 U.S.C. § 2304(a)(1), (2), (3), *Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1239 (D. Ark. 1986). If a warranty is a limited warranty, the warrantor is allowed to limit the duration of implied warranties to the duration of a written warranty of reasonable duration if conscionable, set forth in clear language, and prominently displayed on the face of the warranty. *Id.* Furthermore, it is clear that "designation or designations should appear clearly and conspicuously as a caption, or prominent title, clearly separated from the text of the warranty". *Hass v. DaimlerChrysler Corp.*, 611 N.W.2d 382, 385 (Minn. Ct. App. 2000). A designation is clear and conspicuous "when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: "LIMITED ONE-YEAR/THREE YEAR WARRANTY") is conspicuous. *Ames v. Winnebago Indus*., Inc., 2005 U.S. Dist. LEXIS 35226 (D. Fla. 2005) (citing Sec. 671.201(10), Fla. Stat. (2006)). The rule of contract construction requires courts to read provisions of a contract harmoniously in order to give effect to all portions. *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000). In doing so, "one part of an agreement may be resorted

to for the explanation of the meaning of the language of another part." *Arriaga v. Florida Pacific Farms, L.L.C.*, 305 F.3d 1228, 1247 (11th Cir. 2002). *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1041 (D. Ga. 2004)

Attached to the complaint is "Composite Exhibit C" which does, as the Plaintiffs claim, reference "Full Ownercare Warranty". (Docket No. 2-5). This is the only reference to "Full Ownercare Warranty" in the entire complaint, including the accompanying exhibits.

Also attached to the complaint is "Exhibit B", which is the Owner's Manual distributed to the Plaintiffs upon purchase of their recreational vehicle. (Docket No. 2-4). This document frequently references the Limited terms of the Plaintiffs' warranty, the first being prominently displayed on the second page of Exhibit B, as a title, in larger font than the rest of the document. Furthermore, Exhibit B lists two separate classes of warranted items: structural and non-structural. Both classes of items are limited in duration, and are stated with specificity. Moreover, the duration of the limitation is reasonable. All non-structural defects are covered for a **limited** period of one-year (or 15,000 miles) and all structural defects (**limited** in the document as defects relating to the roof structure, the sub-floor structure, and the Vacu-bond walls) for a period of three years. In yet another example, Exhibit B references a prominent disclaimer: "Some states do not allow the exclusion or **limitation** of incidental or consequential damages, so the above **limitation** may not apply." (Docket No. 2-4), *emphasis added*. The above quoted language explicitly labels the warranty as a limited one.

Finally, it is true that the Plaintiffs' "Manufacturer's Suggested Retain Price" document contains a single reference to full Ownercare Warranty. However, there are abundant instances, spanning the totality of documents received by the Plaintiffs', referencing, mentioning, defining, and discussing Limited Warranty. One single reference to Full Ownercare Warranty, buried at the bottom of a "Manufacturer's Suggested Retail Price document", lacking explanation or definition of the contents of that warranty, weighed against the staggering number of references to Limited Warranty, would not lead a reasonable person to conclude that the Plaintiffs warranty was Full. Even construing any potential ambiguities in the warranty against Defendant Fleetwood, the Plaintiffs' interpretation of the scope of the warranty lacks merit.

Thus it is clear, having read through the "Owner's Manual" as well as the "Manufacturer's Suggested Retail Price" document, that a reasonable consumer could only believe their warranty was a Limited warranty. Accordingly, this Court rules that, as a matter of law, the Defendant Fleetwood provided the Plaintiffs with a Limited warranty. Accordingly, it is

**ORDERED** that the Plaintiffs' motion for clarification, reconsideration, alter ruling, vacating, amending, or setting aside March 31, 2006 order and motion for the court to set a hearing regarding the same (Docket No. 31) be **DENIED.** As a result, the following claims remain valid as to Defendant Fleetwood. Count I, the Plaintiffs may proceed only with the breach of written "Limited Warranty" claim. The Plaintiffs may proceed with the entirety of Count II as it appears in the original complaint. The Plaintiffs may not proceed with any claim associated with Count III, as it remains dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 13th day of September, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record