UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER L. POWERS, JR. and
JOICELYN HAVILAND POWERS,

    Plaintiffs,

vs.                                        Case No. 8:05-cv-1542-T-17-EAJ

LAZY DAYS' R.V. CENTER, INC., and
FLEETWOOD ENTERPRISES, INC.,

    Defendants.
_____/

**ORDER ON DEFENDANT FLEETWOOD'S AND DEFENDANT LAZY DAYS'
MOTIONS FOR SUMMARY JUDGMENT**

This cause comes before this Court on Motions for Summary Judgment filed by Defendant Fleetwood Enterprises, Inc. ("Fleetwood") (Dkt. No. 44), September 29, 2006, and Defendant Lazy Days' R.V. Center, Inc. ("Lazy Days'") (Dkt. No. 43), September 29, 2006 and Plaintiffs' Walter and Joicelyn Powers, Memorandum in Opposition (Dkt. No. 60) filed December 18, 2006. For the reasons set forth below, both motions for summary judgment are granted.

**BACKGROUND**

Plaintiffs purchased a new 2003 Fleetwood Bounder recreational vehicle (RV) on March 23, 2003, from Lazy Days' in Seffner, Florida. Fleetwood manufactured the RV. Plaintiffs allege that after they purchased the RV, they experienced a number of defects. Some were cured by repair; others were not. They took the vehicle in for service on a

1

number of occasions and eventually grew frustrated, removing the vehicle in the midst of a service visit at Lazy Days' in October 2004.

Plaintiffs sued Defendants on August 23, 2005, alleging that both Fleetwood and Lazy Days' breached their obligations under the Magnuson-Moss Federal Warranty Improvement Act (Count I), under the statutory warranty in Sec. 320.835, Fla. Stat. (2002) (Count II), and requesting revocation of acceptance (Count III).  On February 16, 2006, this Court dismissed Counts I and III as to Defendant Fleetwood.  On March 31, 2006, this Court clarified the dismissal, reinstating a portion of Count I as to Defendant Fleetwood, namely the breach of written "limited" warranty, but dismissing all other portions of Count I.  Count III remained dismissed with prejudice.  As to Defendant Lazy Days', all counts stand.

## STANDARD OF REVIEW

Summary judgment is appropriate only if the Court determines "that there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This determination, however, is not based solely on the pleadings, but can be made if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," support the contention that there is no genuine issue of material fact. Fed. R. Civ. P. 56©).

Once the moving party has properly supported its motion for summary judgment, the non-moving party must go beyond the pleadings to show that a genuine issue exists for trial. Celotex Corp., 477 U.S. at 324.  That party must come forward with evidence sufficient to establish the existence of the essential elements of the party's case, and for

which that party will bear the burden of proof at trial. <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir.1999).

In determining whether the moving party has satisfied its burden, the Court must believe the evidence of the non-movant, and draw all justifiable inferences in the non-movant's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). The question before the Court, then, is not whether the judge "thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury <u>could</u> return a verdict for the plaintiff on the evidence presented." <u>Id</u>. at 252 (emphasis added). However favorable that belief may be, the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient to defeat a motion for summary judgment. <u>Id</u>. Where the record, as a whole, cannot lead a rational trier of fact to find for the non-moving party, then there is no genuine issue to be resolved at trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## **DISCUSSION**

In its motion for summary judgment, Fleetwood asserts that summary judgment must be granted in its favor because Plaintiffs cannot prove that Fleetwood breached any warranty obligation, nor that there were any damages proximately caused by any breach. Although not pled in its motion for summary judgment, the complaint against Lazy Days' is subject to the same review.

Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for

3

>trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed. R. Civ. P. 56©) provides that summary judgment is proper when, after a period of discovery, a party fails to make a sufficient showing to establish the existence of an essential element in the claim.

All three counts in the complaint involve breach of contract.  In Florida, to establish a claim for breach of contract, the plaintiff must establish three elements: 1) that a contract existed, 2) that there was a breach of that contract, and 3) that damages occurred. <u>Bland v. Freightliner LLC</u>, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002).  Lack of any element is fatal to a claim.

This claim contains a fatal flaw because Plaintiffs failed to make a sufficient showing to establish the existence of the element of damages.  We do not reach the questions of whether a warranty contract applied or whether a breach occurred.

Pursuant to Fed. R. Civ. P. 8(a), in their complaint Plaintiffs alleged generally that there was a breach of warranty and damages resulting from that breach.  Fed. R. Civ. P. 56(e) requires that Plaintiffs here set forth specific facts to show there is a genuine issue for trial.  A fact is defined as "the truth or reality of something: the truth or actual existence of something, as opposed to the supposition about something or a belief about something." Encarta, http://encarta.msn.com/dictionary_/fact.html (accessed March 5, 2007).  As a legal term, it is defined as "something based on evidence: something that is based on or concerned with the evidence presented in a legal case." <u>Id</u>.

Plaintiffs failed to provide any specific facts that demonstrate damages resulting from the alleged breach. Plaintiff, Walter Powers, states that he has not tried to sell the RV. (Depo. Walter Powers 106:23-25 (May 9, 2006).) He never paid for any of the repairs or attempted repairs. (Depo. Walter Powers 107:13 to 108:17-25 (May 9, 2006).) He never paid for a deductible for any repairs under the service agreement. (Depo. Walter Powers 118:17 to 119:13 (May 9, 2006).) Plaintiffs did present a number of expenses as damages, yet failed to provide evidence necessary to establish them as damages in fact; rather than a conclusory belief that they were damages due to Plaintiffs. For example, Plaintiffs present the total purchase price of the RV as an expense. (Depo. Walter Powers Def. Exh. 13 (May 9, 2006); Pls.' Ans. to Interrog. of Def. Fleetwood No. 3).) Plaintiff, Walter Powers, admitted that he has no mechanical knowledge about RV's or knowledge pertaining to the value of RV's. (Depo. Walter Powers 27:20-30:2 (May 9, 2006).) Plaintiff, Joicelyn Powers, admitted that she has little mechanical knowledge and no knowledge pertaining to the value or appraisal of RV's. (Depo. Joicelyn Powers 8:19 to 9:12 (May 9, 2006).) She further conceded that the vehicle may have value, just not to her. (Depo. Joicelyn Powers 18:8-16 (May 9, 2006).) Plaintiffs themselves are aware that their conclusions regarding value do not reflect the value in fact of the RV.

An expert could also provide evidence of specific facts for Plaintiffs. Fed. R. Evid. 702 addresses the testimony of experts and states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

5

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 590 (1993), the U.S. Supreme Court determined "the word 'knowledge' connotes more than subjective belief or unsupported speculation." An expert's opinion can be disregarded when that opinion is based on speculation and would not assist the trier of fact to understand evidence or determine facts at issue. <u>Heaps v. Gen. Motors Corp.</u>, ___ A.2d ___, 2006 WL 2456231 at *5 (D. Md. Aug. 22, 2006).

Here, the expert witness retained by Plaintiffs, in support of their allegations, has not set forth sufficient facts and data to support any conclusion of damages. As a result, it will not assist a trier of fact determine a fact at issue. On December 16, 2004, the expert wrote an inspection report that listed several allegedly defective items and stated "These problems diminish both the value and safety of this vehicle." (Depo. William Siemer Def. Exh. 5 (April 17, 2006).) In his later deposition, although the expert reviewed the items he believed to be defective, he never gave an opinion as to what the resulting damages would be if those items were indeed defective. The expert at the time of the deposition had still not formulated or finalized a diminished value or cost of repair opinion. (Depo. William Siemer 167:14-17 (Apr. 17, 2006).) No subsequent value or repair opinion was filed with this Court. The expert's testimony lacks sufficient facts and data because he failed to show how he arrived at his opinion that the value and safety of the RV are diminished, nor to what degree or in what dollar amount they are diminished. This expert's opinion is, therefore, merely unsupported speculation. Accordingly, this Court finds that the expert's opinion is inadmissible under Fed. R. Evid. 702.

For the reasons discussed above, Plaintiff has failed to set forth specific facts to create a genuine issue of fact to preclude summary judgment. Accordingly, it is

**ORDERED** that Defendants' Motions for Summary Judgment (Dkts. 44 & 43) be **GRANTED** and the Clerk of Court is directed to enter judgment for all defendants and close this case.

This Court reserves jurisdiction to award any costs and attorney's fees available to Defendants under Florida law, including by operation of Fla. Stat. § 320.838 and § 768.79. If the attorneys do not arrive at an agreement within thirty days, an appropriately supported motion may be filed with this Court.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, on this 4th day of April, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record